The South Carolina Court of Appeals

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Eddie Thomas Jackson, Appellant,
v.
The State of South Carolina,
Respondent.
 
 
 

Appeal From Marlboro County
James E. Lockemy, Circuit Court Judge

Unpublished Opinion No. 2006-UP-344
Submitted September 1, 2006  Filed October 12, 2006

AFFIRMED

 
 
 
Eddie Thomas Jackson, of Bennettsville, pro se Appellant. 
Attorney General Henry McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Assistant Attorney General Karen Christine Ratigan, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Eddie Jackson appeals the dismissal of his petition for a writ of habeas corpus.  We affirm.[1]
FACTS
In 1998, Jackson was indicted for trafficking in cocaine.  He pled guilty to possession with intent to distribute cocaine.  In 2004, Jackson filed in the circuit court a petition seeking a writ of habeas corpus arguing that his conviction was the result of police corruption, that he had not been adequately advised of his rights during his guilty plea, and that he was convicted of a crime for which he had not been indicted by a grand jury.  The circuit court dismissed Jacksons petition. 

 LAW/ANALYSIS 
The case of Gibson v. State, 329 S.C. 37, 495 S.E.2d 426 (1998), discussed at length the law concerning writs of habeas corpus and when such petitions should be dismissed or granted.  

The availability of habeas corpus has been severely limited by the [South Carolina] Uniform Post Conviction Procedure Act (Act).  The Act takes the place of all other common law, statutory or other remedies heretofore available for challenging the validity of the conviction or sentence.  It shall be used exclusively in place of them.  Thus, [the] Act supersedes and encompasses the habeas corpus procedure provided by statute.  However, habeas corpus continues to be available as a constitutional remedy
provided a petitioner qualifies for this extraordinary relief and clears the procedural hurdles.

Habeas corpus is available only when other remedies, such as PCR, are inadequate or
unavailable . . . However, a petitioner who does not raise an issue which could have been raised in a prior PCR hearing will waive his right to raise this issue in a subsequent application.  Procedurally, a petitioner seeking habeas corpus must first exhaust all available PCR remedies.  Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review.  Further, petitioner must allege sufficient facts to show why other remedies, such as PCR, are unavailable or inadequate.

Id. at 40-42, 495 S.E.2d at 427-28 (citations omitted).  A person is procedurally barred from petitioning the circuit court for a writ of habeas corpus where the matter alleged is one which could have been raised in a PCR application.  Keeler v. Mauney, 330 S.C. 568, 571, 500 S.E.2d 123, 124 (Ct. App. 1998).  
In the present case, Jackson admits he did not file a direct appeal and does not allege that any prior PCR applications have been filed.  Consequently, he has not set forth facts that allow him to overcome the procedural bar providing for dismissal of his writ.  For the foregoing reasons, the judgment of the trial court is
 AFFIRMED.
HEARN, C.J., HUFF, and STILWELL, JJ., concur.

[1] 
We decide this case without oral argument pursuant to Rule 215, SCACR.